UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
(SHERMAN DIVISION)

| | |
|---|---|
| STP INVESTMENTS, LLC n/k/a STP FLEX, LLC, ELLIOT PRIGOZEN, and RICHARD SHERIDAN<br><br>Plaintiff<br><br>vs.<br><br>NEOTEK ENERGY, INC.<br><br>Defendant | CIVIL ACTION NO.: 4:22cv361 |

## PLAINTIFFS' RESPONSE AND BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Plaintiffs, STP Investments, LLC n/k/a STP Flex, LLC, Elliot Prigozen and Richard Sheridan ("Plaintiffs") file this Response and Brief in Opposition to Defendant NeoTek Energy Inc.'s Motion to Dismiss ("Motion to Dismiss") and respectfully show the Court as follows:

### I. RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

This Court should deny Defendant NeoTek Energy, Inc.'s Motion to Dismiss and permit Plaintiff to continue its unjust enrichment claim against Defendant NeoTek Energy, Inc. for the following reasons:

1. Breach of contract and unjust enrichment are alternative claims for relief which coexist in a Plaintiff's pleadings as long as the claims themselves are facially plausible under the pleadings.

2. Plaintiff's Verified Complaint states sufficient facts—that Defendant received loans from Plaintiffs that Defendant accepted and retained without repayment—to make Plaintiff's unjust enrichment claim facially plausible. *Campbell v.*

*ACProducts, Inc.*, No. 2:21-cv-00101-JRG-RSP, 2022 U.S. Dist. LEXIS 45847, at

*9 (E.D. Tex. 2022).

3.      Defendant's choice of law argument does not apply to Plaintiff's unjust enrichment

claim, which by its nature, exists in the absence of a valid agreement.

WHEREFORE, for the reasons set forth above and in the foregoing Brief in Opposition to

Defendant NeoTek Energy Inc.'s Motion to Dismiss, Plaintiffs, STP Investments, LLC n/k/a STP

Flex, LLC, Elliot Prigozen and Richard Sheridan pray that the Court deny Defendant's Motion to

Dismiss in its entirety.

## II. BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

### A. STATUS OF PROCEEDINGS

Defendant initially filed its Motion to Dismiss ("Motion") and Brief in Support of its

Motion to Dismiss ("Brief")—which are the subject of Plaintiff's Response in Opposition to

Defendant's Motion to Dismiss ("Response") and this brief—in the United States District Court,

Southern District of New York on April 6, 2022 under Cause Number 22-cv-01490.

In the Motion, Defendant asserted three points: (1) that Plaintiff's complaint should be

dismissed for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2); (2) that Plaintiff's

complaint should be dismissed pursuant to the doctrine of Forum Non Conveniens; and (3) that

Plaintiff's unjust enrichment claim must be dismissed because California law does not permit a

standalone action for unjust enrichment.

The first two of these points are now moot. On April 29, 2022, Defendant agreed (1) to

transfer the case to this Court, (2) to waive its objection to personal jurisdiction in this Court, and

(3) that the issues of personal jurisdiction and forum non conveniens would be moot upon the

transfer of the case to this Court. This Stipulation was filed in the Southern District of New York

on April 29, 2022 under cause number 22-cv-01490, and that same court entered an order transferring the case to this Court on that same day.

The only issue that remains pending from Defendant's Motion is that which is addressed on page 19 of Defendant's Brief, which is Defendant's argument that the Court must dismiss Plaintiff's unjust enrichment claim because the Promissory Notes at issue in this case state that they shall be governed by California law, and California law does not recognize a standalone cause of action for unjust enrichment.

### B. SUMMARY OF ARGUMENT

Defendant has moved to dismiss Plaintiff's unjust enrichment claim on the basis that the Promissory Notes have a provision in them that states that the subject Promissory Notes ("Notes") shall be governed by California law. But that very argument contradicts itself because unjust enrichment claims, by their very nature, are claims that exist in the absence of a valid and enforceable agreement that governs the matters at hand. It is a claim that is made "in the alternative" in the event that an asserted agreement is found to be invalid. In essence and effect, Defendant is suggesting that Plaintiff should not be permitted alternative claims. That is not the law in Texas.

In the present case, the Notes are part of a particular claim that Plaintiffs have alleged. Whether their validity or enforceability, or any clauses therein, will be disputed in this case remains to be seen. Indeed, Defendant has yet to file an answer in this matter. Neither Plaintiff nor the Court knows Defendant's position on the validity and enforceability of the Notes or whether the Choice of Law provision in the Contract will ultimately be found valid or not. As such, if the Court was to grant Defendant's Motion, Plaintiffs could potentially be deprived of a claim to which they would be entitled under either Texas or New York law in the event that the Notes are later found

invalid. The issue of applicability of the unjust enrichment claim is simply not ripe at this point in these proceedings, and Plaintiffs should not be deprived of their ability to assert alternative claims, as they are permitted to do under Texas or New York law.

Just three months ago, this Court recognized that alternative pleadings such as breach of contract and unjust enrichment must survive a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) as long as such claims are "facially plausible" from the facts set forth in the pleadings. In their Complaint, Plaintiffs pled sufficient facts to support their unjust enrichment claim. As such, Defendant's 12(b)(6) Motion to Dismiss Plaintiffs' unjust enrichment claim should be denied.

## C. LIST OF AUTHORITIES UPON WHICH RESPONDENT RELIES

1. Federal Rule of Civil Procedure 12(b)(6)

2. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)

3. *Campbell v. ACProducts, Inc.*, No. 2:21-cv-00101-JRG-RSP, 2022 U.S. Dist. LEXIS 45847 (E.D. Tex. 2022)

4. *Bowlby v. City of Aberdeen, Miss.*, 681 F.3d 215 (5th Cir. 2012)

5. *Mayo v. Hartford Life Ins. Co.*, 354 F.3d 400 (5th Cir. 2004)

6. *Spence v. Glock, Ges.m.b.H.*, 227 F.3d 308 (5th Cir. 2000)

7. *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719 (5th Cir. 2003)

8. *Carrillo v. Tifco Indus.*, 547 F. App'x 419 (5th Cir. 2013)

9. *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732 (Tex. 2005)

10. *World All. Fin. Corp. v. Guardian First Funding Grp., LLC*, 2010 NY Slip Op 33231(U), ¶¶ 5-6 (Sup. Ct.)

11. Tex. R. Civ. P. 48

12. N.Y.C.P.L.R. 3014 (Consol., Lexis Advance through 2022)

## D. ARGUMENT AND AUTHORITIES

### 1.    Movant's Burden

Under Federal Rule of Civil Procedure 12(b)(6), Movant has the burden to show that the complaint fails "to state a claim upon which relief can be granted ..." A complaint states a sufficient claim if it gives the defendant "fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) (ellipsis in original) (citations omitted).

The court must then decide whether those facts "state a claim that is plausible on its face." *Campbell v. ACProducts, Inc.*, No. 2:21-cv-00101-JRG-RSP, 2022 U.S. Dist. LEXIS 45847, at *5 (E.D. Tex. 2022) (citing *Bowlby v. City of Aberdeen, Miss.*, 681 F.3d 215, 219 (5th Cir. 2012)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Bowlby*, 681 F.3d at 219 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). The claim need only be facially plausible to survive a 12(b)(6) Motion to Dismiss. *Campbell*, 2022 U.S. Dist. LEXIS 45847, at *8–9.

### 2.    Choice of Law

Movant's reliance on the choice of law provision in the Notes is misplaced.

Because Plaintiff's breach of contract claim and its unjust enrichment claim are alternative to each other, the contract would only control in one event. In the other, as set forth below, Texas choice of law analysis would require the application of either Texas or New York law in the event that the Notes are found to be invalid or unenforceable. Unjust enrichment is a permissible claim in both Texas and New York.

First, it is axiomatic that "[A] federal court exercising diversity jurisdiction must apply the choice of law rules of the forum state . . ." *Mayo v. Hartford Life Ins. Co.*, 354 F.3d 400, 403 (5th Cir. 2004). In Texas, courts employ the 'most significant relationship test' for all choice of law cases except those contract cases in which the parties have agreed to a valid choice of law clause. *Spence v. Glock, Ges.m.b.H.*, 227 F.3d 308, 311 (5th Cir. 2000). Moreover, this analysis does not blanketly apply to entire cases but instead is applied on a claim-by-claim basis. *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 727 (5th Cir. 2003), opinion modified on denial of reh'g, 355 F.3d 356 (5th Cir. 2003). Thus, any claims that are not covered by a valid choice of law agreement will remain subject to the Texas court's 'most significant relationship test.'

Under the Most Significant Relationship Test, the Court weighs (a) the place where the injury occurred; (b) the place where the conduct causing the injury occurred; (c) the domicile, residence, nationality, place of incorporation and place of business of the parties; and (d) the place where the relationship, if any, between the parties is centered. *Carrillo v. Tifco Indus.*, 547 F. App'x 419, 423 (5th Cir. 2013) (citing Restatement (Second) of Conflict of Laws § 145).

In the present case, the answers to the above questions result in only two possibilities, Texas or New York. First, all of the events that occurred relative this matter occurred in either Texas or New York. P.'s Ver. Compl., ¶¶ 17–35, 47–59. Second, the parties involved are a Delaware-organized investment company whose principal place of business is in New York, an investor (Elliot Prigozen) who lives in Florida but maintains a second residence in New York, an investor (Richard Sheridan) who resides in New York, and a Delaware-organized company (NeoTek Energy, Inc.) that maintains its principal place of business in Texas. P.'s Ver. Compl., ¶¶ 2–7. Third, the relationship between the parties, as evidenced by the parties' communications and

negotiations, is either in Texas or New York. P.'s Ver. Compl., ¶¶ 17–35, 47–59. California is not an answer to any of the test questions.

For the purposes of the question at hand here, whether Texas or New York law applies to non-contractual issues between the parties is not relevant, because both states permit unjust enrichment claims as alternative equitable claims in the event that a valid contract is found not to exist between the parties. *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 740 (Tex. 2005) (recognizing that although the claims are inconsistent, a party to a contract may "seek alternative relief under both contract and quasi-contract theories."); *World All. Fin. Corp. v. Guardian First Funding Grp., LLC*, 2010 NY Slip Op 33231(U), ¶¶ 5-6 (Sup. Ct.) (citing *Auguston v. Spry*, 282 A.D.2d 489, 723 N.Y.S.2d 103 (2d Dept. 2001) ("[I]t is well settled that a plaintiff may plead both breach of contract and unjust enrichment claims in the alternative.").

In Texas, it is codified in the Texas Rules of Civil Procedure:

> A party may set forth two or more statements of a claim or defense alternatively or hypothetically, either in one count or defense or in separate counts or defenses. When two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements. A party may also state as many separate claims or defenses as he has regardless of consistency and whether based upon legal or equitable grounds or both.

Tex. R. Civ. P. 48.

It is the same in New York:

> …Separate causes of action or defenses shall be separately stated and numbered and may be stated regardless of consistency.  Causes of action or defenses may be stated alternatively or hypothetically.

N.Y.C.P.L.R. 3014 (Consol., Lexis Advance through 2022).

### 3.    This Court's Recent Decision

As recently as just three months ago, this very Court recognized the alternative nature of unjust enrichment pleadings in light of coexisting breach of contract pleadings within the context

of a 12(b)(6) Motion to Dismiss and held its analysis of the unjust enrichment claim to the same analysis it gave the breach of contract claim—whether the facts pleaded made the claim facially plausible. *Campbell*, 2022 U.S. Dist. LEXIS 45847 at *7–9.

The net effect of this analysis and the Court's reasoning throughout its opinion is that the two claims are permitted to coexist and survive a 12(b)(6) Motion to Dismiss when they are alternative claims and each is sufficiently pled to state a facially plausible claim. Both claims were permitted to proceed in *Campbell*.

This case is not different. Plaintiff's unjust enrichment claim must survive because, on its own, it is supported by well-pled facts, and it is pled as an alternative to Plaintiff's breach of contract claim. P.'s Ver. Compl., ¶ 76. According to Plaintiff's Verified Complaint, which is the subject of the Motion, Movant received $800,000 from Plaintiff and accepted and retained the benefits of those funds. P.'s Ver. Compl., ¶¶ 61, 66, 67, 68, 76–77. Just as these types of factual pleadings were sufficient to make the plaintiff's claim factually plausible in *Campbell* (2022 U.S. Dist. LEXIS 45847 at *9), they warrant this Court allowing Plaintiff's unjust enrichment claim to persist in this case.

## E. CONCLUSION

This case has just begun. Defendant has not yet filed an answer in this cause. Discovery has not been conducted. Neither Plaintiff nor this Court yet know what issues will be in dispute and what further facts may be adduced as the case progresses. Under this Court's own precedent, breach of contract and unjust enrichment may coexist as alternative pleadings, and as long as each is supported by sufficiently pled facts that make the claim facially plausible, they are not subject to dismissal under Federal Rule of Civil Procedure 12(b)(6). Because Plaintiffs have sufficiently pled facts that make their unjust enrichment claim facially plausible, Plaintiffs' unjust enrichment

claim should continue to coexist as an alternative claim to their breach of contract. Movant's Motion should be denied.

Respectfully submitted,

Andrew D. Lewis
State Bar No. 24094802
alewis@cottenschmidt.com
Larry E. Cotton
State Bar No. 04861600
lcotten@cottenschmidt.com
COTTEN SCHMIDT, L.L.P.
100 Energy Way, Suite 2000
Fort Worth, TX  76102
(817) 338-4500  Telephone
(817) 338-4599  Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document has been served upon counsel for Defendant, Jay R. McDaniel, by electronic mail to jmcdaniel@weiner.law on this 27th day of May, 2022.  According to filings in Cause No. 22-cv-01490, which has been transferred to this Court as Cause No. 4:22cv361, Mr. McDaniel has been the counsel of record for Defendant NeoTek Energy, Inc. to date. On knowledge and belief, Mr. McDaniel is not admitted to practice in this Court, and no other counsel has appeared on behalf of Defendant NeoTek Energy, Inc. in this cause number 4:22cv361.

Andrew D. Lewis