IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| STP INVESTMENTS, LLC n/k/a STP FLEX, LLC, ELLIOT PRIGOZEN, and RICHARD SHERIDAN, <br><br> Plaintiffs, <br><br> v. <br><br> NEOTEK ENERGY, INC., <br><br> Defendant. | § § § § § § § § § § § § | Civil Action No. 4:22-cv-361 |

## DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

Pursuant to Local Rule CV-7(f), Defendant NeoTek Energy, Inc. ("NeoTek") hereby files this Reply in Support of its Motion to Dismiss.

### I. Summary of Reply

Plaintiffs STP Investments, LLC n/k/a STP Flex, LLC, Elliot Prigozen, and Richard Sheridan (collectively, "Plaintiffs"), have filed claims against NeoTek for breach of contract and unjust enrichment arising out of the exact same subject matter—the agreements at issue. Because unjust enrichment does not provide a basis for recovery where there is an enforceable contract governing the same subject matter as the contract, Plaintiffs' unjust enrichment claim fails.

Nonetheless, Plaintiffs seek to recover under unjust enrichment as an "alternative" theory. The flaw in this argument is Plaintiffs fail to allege any facts to support this alternative. Indeed, taking the allegations in Plaintiffs' Verified Complaint as true, as is required at the motion to dismiss stage, there is no basis for this alternative remedy. To

the contrary, Plaintiffs allege multiple times that NeoTek executed Promissory Notes in favor of Plaintiffs, the parties entered into a corresponding agreement, and that NeoTek did not "dispute" its obligations under the Promissory Notes. *See generally*, Compl. Plaintiffs do not once assert that the agreements at issue are not valid. *Id.* Therefore, based upon Plaintiffs' own pleading, there is no basis for Plaintiffs' unjust enrichment claim. For these reasons, and as set forth in Defendant's Motion to Dismiss ("Motion") [Dkt. # 13], Plaintiffs' claim for unjust enrichment should be dismissed.

## II. Relevant Procedural History and Factual Background

Plaintiffs initially filed their Verified Complaint in the United States District Court for the Southern District of New York on February 23, 2022 [Dkt. # 1]. NeoTek filed its Motion to Dismiss pursuant to Rule 12(b)(2) and 12(b)(6) on April 6, 2022. This case was transferred to this district by agreement on April 28, 2022 [Dkt. # 19].

By its Verified Complaint, Plaintiffs allege that they collectively invested "a total of $800,000.00 [in] NeoTek in the form of loans." Compl. ¶ 32. These loans were secured by three (3) Promissory Notes executed on or about June 10, 2019. Compl. ¶¶ 34–35. Plaintiffs further allege that the parties entered into a Convertible Note and Warrant Purchase Agreement (the "Purchase Agreement") dated May 16, 2019. Compl. ¶¶ 40-41. The Purchase Agreement provides a maturity date for the Promissory Notes, what constitutes an Event of Default, and Plaintiffs' remedies for a default, among other things. Compl. ¶¶ 42–46.

The Verified Complaint also contains numerous allegations that Plaintiffs sent demands for repayment under the Promissory Notes to NeoTek and that NeoTek did not

"dispute that NeoTek was obligated to make immediate payment of all outstanding principal and accrued interest due to the Plaintiffs pursuant to the Promissory Notes." Compl. ¶ 57; *see also* Compl. ¶¶ 47–48; 51; 58 (similar). Tellingly, and relevant to the Motion, the Verified Complaint contains no allegations regarding the Promissory Notes or Purchase Agreement being invalid or unenforceable, or that Plaintiffs provided any consideration *outside* the terms of the parties' written agreements. *See generally*, Compl.

### III. Argument and Authorities

Plaintiffs devote much of their Response and Brief in Opposition to Defendant's Motion to Dismiss ("Response") to which state's law applies here—whether it be California, New York, or Texas. As set forth in the Motion, Plaintiffs' claims are controlled by California law (Mot. at pp. 19–20); however, even assuming *arguendo* that Plaintiffs' claims are governed by New York or Texas law, the result is the same: Plaintiffs' unjust enrichment claim must be dismissed.

#### A.     Legal Standard

It is well-established that "[i]n evaluating motions to dismiss filed under Rule 12(b)(6), the Court 'must accept all well-pleaded facts as true, and . . . view them in the light most favorable to the plaintiff.'" *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019) (quoting *Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 442 (5th. Cir.)) (alterations in original). Moreover, while a complaint does not need detailed factual allegations, it "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Here, the *only* allegations

related to Plaintiffs' unjust enrichment claim are "labels and conclusions" and a "formulaic recitation of the elements," which is plainly insufficient.

### B. Plaintiffs' Claim for Unjust Enrichment Fails Under Both New York and Texas Law and Therefore Must be Dismissed.

Plaintiffs assert that their unjust enrichment claim is viable as an "alternative" pleading. But this does not save Plaintiffs' claim. First, Plaintiffs' alternative pleading theory fails because Plaintiffs do not actually plead any alternative facts to support unjust enrichment. Second, even if Plaintiffs' allegations regarding their unjust enrichment claim were deemed sufficient, it is settled law in both New York and Texas that an unjust enrichment claim based upon the same facts as a breach of contract claim is not viable.

As a threshold matter, under both New York and Texas law, the existence of a valid and enforceable contract precludes an unjust enrichment claim on the ***same subject matter***. Indeed, it is settled law in New York that "where the validity of a contract that governs the subject matter at issue is not in dispute, and the claimant alleges breach of the contract, the claimant cannot plead unjust enrichment in the alternative under New York law." *Stanley v. Direct Energy Servs., LLC*, 466 F. Supp. 3d 415, 430–31 (S.D.N.Y. 2020) (citations omitted) (finding that despite Rule 8's allowance for pleading in the alternative, unjust enrichment claim was not viable because the dispute was governed by contract); *see also Morgan Stanley & Co. Inc. v. Peak Ridge Master SPC, Ltd.*, 930 F. Supp. 2d 532, 545–46 (S.D.N.Y. 2013) ("New York state courts, federal courts in our district, and the Second Circuit have held the existence of a valid and enforceable contract precludes an unjust

4

enrichment claim relating to the subject matter of the contract.") (collecting cases). The same is true under Texas law.

> "In Texas, unjust enrichment is based on quasi-contract and is unavailable when a valid, express contract governing the subject matter of the dispute exists." [citation] The promissory note and deed of trust are clearly valid, express contracts that govern the subject matter of this dispute. The plaintiff argues she is entitled to plead in the alternative, but she failed to plead facts sufficient to state an alternative theory of unjust enrichment. The complaint never alleges, even in the alternative, that there was no valid express contract to govern the parties' dealings.

*Dick v. Colorado Hous. Enterprises, L.L.C.*, 780 F. App'x 121, 126 (5th Cir. 2019) (quoting *Coghlan v. Wellcraft Marine Corp.*, 240 F.3d 449, 454 (5th Cir. 2001); *see also Fortune Prod. Co. v. Conoco, Inc.*, 52 S.W.3d 671, 684 (Tex. 2000) ("Generally speaking, when a valid, express contract covers the subject matter of the parties' dispute, there can be no recovery under a quasi-contract theory . . . with certain exceptions" such as overpayments under the contract.) (citations omitted).[1]

Plaintiffs focus on the fact that the rules of pleading[2] permit claims to be pled in the alternative. According to Plaintiffs, their unjust enrichment claim should therefore survive a motion to dismiss. Resp. at pp. 7–8. What Plaintiffs' argument misses is that in order to state a claim for unjust enrichment under either New York or Texas law, there must be factual allegations regarding the validity of the Promissory Note and/or

---

[1] And, as set forth in detail in the Motion, California does not recognize a separate cause of action for unjust enrichment. *See* Mot. at pp. 19–20; *Abuelhawa v. Santa Clara Univ.*, 529 F. Supp. 3d 1059, 1070–71 (N.D. Cal. 2021).

[2] Plaintiffs inexplicably cite to Texas state court and New York state court rules of pleading instead of the Federal Rules of Civil Procedure, but because Rule 8(d) permits alternative theories of recovery the standard is the same.

Purchase Agreement or extra-contractual actions that could give rise to an unjust enrichment claim. Plaintiffs plead none.

Indeed, the sole allegation related to Plaintiffs' unjust enrichment claim is that "in the event there is any denial by NeoTek with respect to the Promissory Notes and/or the Purchase Agreement, Plaintiffs are entitled to recover the value of their loans to NeoTek, which total $800,000.00 in principal, plus interest thereon." Compl. ¶ 76. Aside from this statement being insufficient because it is no more than a "label[] and conclusion[], and a formulaic recitation of the elements" *Twombly*, 550 U.S. at 555, it does not even allege a fact. Rather, Plaintiffs simply conclude that "if" NeoTek denies the Promissory Notes and/or Purchase Agreement, Plaintiffs should recover under a theory of unjust enrichment.

The remainder of Plaintiffs' allegations—taken as true as required on a motion to dismiss—affirmatively allege the existence of a contract. *See, e.g.*, Compl. ¶¶ 47–48; 51; 57–58. For example, Plaintiffs allege that they invested in NeoTek and that the investment was secured by three (3) Promissory Notes executed on or about June 10, 2019. Compl. ¶¶ 34–35. Plaintiffs next allege that the parties entered into a Purchase Agreement and recite the provisions related to a maturity date, Event of Default, and Plaintiffs' remedies for a default. Compl. ¶¶ 41–46. Plaintiffs further assert that they took multiple actions under the Promissory Notes and Purchase Agreement, and that NeoTek did not "dispute that NeoTek was obligated to make immediate payment of all outstanding principal and accrued interest due to the Plaintiffs pursuant to the Promissory Notes." Compl. ¶ 57; *see also* Compl. ¶¶ 47–48; 51; 58. Taking these allegations as true—and in the complete

absence of any allegations that Plaintiffs provided any funds to NeoTek outside of the Promissory Notes and Purchase Agreement—an alternative claim is not viable.

Plaintiffs' authority is also of no help. For instance, *World Alliance Fin. Corp. v. Guardian First Funding Gp., LLC*, No. 11196-2010, 2010 WL 4732786 (N.Y. Sup. Ct. Nov. 12, 2010) (Slip. Op.), permitted an unjust enrichment claim to be pled in the alternative where "there is a bona fide dispute as to the existence of a contract." Here, Plaintiffs have pled no bona fide dispute as to the existence of a contract. *In re Kellogg Brown & Root Co., Inc.*, 166 S.W.3d 732 (Tex. 2005) is likewise inapposite. In *In re Kellogg*, the issue was whether a claim for *quantum meruit* was subject to an arbitration agreement. The Texas Supreme Court held that the *quantum meruit* claim was not subject to the arbitration agreement because there, the party asserting the claim alleged it provided services to one party under a contract with another. *Id.* at 741. Therefore, there were not competing breach of contract and unjust enrichment claims related to the same subject matter pled alternatively in that case.

Finally, Plaintiffs rely heavily on *Campbell v. ACProducts, Inc.*, No. 2:21-cv-00101-JRG-RSP, 2022 WL 806611 (E.D. Tex. Feb. 25, 2022) for support that their alternative unjust enrichment claim survives a motion to dismiss. In *Campbell*, the plaintiff had agreements with one defendant (MWC) which was later acquired by another defendant (ACPI). *See id.* at *2–3. Defendant ACPI moved to dismiss both the breach of contract and unjust enrichment claims based upon lack of privity and because plaintiff did not perform services for ACPI. *Id.* at *3. In determining the plaintiff's breach of contract and unjust enrichment claims would both survive, the Court pointed to the fact that the plaintiff in

*Campbell* alleged "ACPI has been paying Campbell directly from sales revenue received from his sales, and has therefore been receiving a benefit for which it would know that Campbell would expect to be paid." *Id.* This was sufficient because there were issues regarding whether ACPI was bound by the contracts and because the plaintiff actually pled facts supporting an unjust enrichment theory. Unlike the plaintiff in *Campbell*, Plaintiffs do not allege any additional facts to support an unjust enrichment theory.

For these reasons, even if Plaintiffs' "facts" in their unjust enrichment claim were deemed sufficient for the purpose of a motion to dismiss, Plaintiffs are not entitled to recover on their unjust enrichment claim because it is premised upon the exact same facts as the breach of contract claim. Plaintiffs' unjust enrichment claim must therefore be dismissed.

## IV. Conclusion

For these reasons, and as set forth in its Motion, Defendant NeoTek Energy, Inc. respectfully request that this Court dismiss Plaintiffs' unjust enrichment claim in its entirety and for any further relief to which Defendant is justly entitled.

8

Respectfully submitted this 13th day of June, 2022.

                By:  */s/ Caitlin J. Morgan*
                     Caitlin J. Morgan
                     State Bar No. 24074757
                     cmorgan@polsinelli.com
                     Polsinelli PC
                     2950 N. Harwood, Suite 2100
                     Dallas, TX 75201
                     Telephone (214) 397-0030
                     Facsimile (214) 397-0033

                     *Attorney for Defendant,*
                     *NeoTek Energy, Inc.*

## **CERTIFICATE OF SERVICE**

      This is to certify that a true and correct copy of the above and foregoing has been served on the parties of record on this 13th day of June, 2022 by using the Court's CM/ECF system.

    Andrew D. Lewis
    Larry E. Cotton
    Cotten Schmidt, L.L.P.
    100 Energy Way, Suite 2000
    Fort Worth, TX 76102

                     */s/ Caitlin J. Morgan*
                     Caitlin J. Morgan