UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| STP INVESTMENTS LLC, ET AL. | § |
| | § |
| v. | § CIVIL CASE NO. 4:22-CV-361-SDJ |
| | § |
| NEOTEK ENERGY, INC. | § |

**MEMORANDUM ADOPTING THE REPORT AND
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the Report and Recommendation of the United States Magistrate Judge ("Report"), this matter having been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On March 2, 2023, the Report of the Magistrate Judge, (Dkt. #57), was entered containing proposed findings of fact and recommendations that Defendant NeoTek Energy, Inc.'s Motion to Dismiss Pursuant to Rule 12(b)(6), (Dkt. #32), be denied. Having assessed the Report, and no objections thereto having been timely filed, the Court determines that the Magistrate Judge's Report should be adopted.

The Court notes that NeoTek Energy, Inc. ("NeoTek") filed an Answer, (Dkt. #58), after entry of the Report. Nothing in the Answer changes the analysis or outcome articulated by the Report. Although NeoTek appears to admit that it executed contracts with Plaintiff STP Investments, LLC ("STP"), (Dkt. #58 ¶¶ 35, 41), it also asserts affirmative defenses such as recission and prior material breach that suggest NeoTek contests whether the contracts between the parties control the resolution of this case. (Dkt. #58 ¶¶ 82, 86).

For example, the recission remedy invoked by NeoTek "extinguishes legally valid contracts." *Cantu v. Guerra & Moore, Ltd. LLP*, 328 S.W.3d 1, 8 (Tex. App.—San Antonio 2009, no pet.). Likewise, "a prior material breach of the contract by one party relieves the other contracting party of any further performance." *Levco Constr., Inc. v. Whole Foods Mkt. Rocky Mountain/Sw. L.P.*, 549 S.W.3d 618, 645 (Tex. App.—Houston [1st Dist.] 2017, no pet.) (citing *Mustang Pipeline Co. v. Driver Pipeline Co.*, 134 S.W.3d 195, 196 (Tex. 2004)). Given its asserted affirmative defenses, NeoTek has made clear that it challenges, or may challenge, whether the parties' executed agreements are controlling in this case. Accordingly, STP's theory of unjust enrichment should not be dismissed as it asserts an alternative theory of liability in the event no valid and controlling contract exists between the parties. *See Burlington N. R. Co. v. Sw. Elec. Power Co.*, 925 S.W.2d 92, 97 (Tex. App.—Texarkana 1996), aff'd sub nom. *Sw. Elec. Power Co. v. Burlington N. R.R. Co.*, 966 S.W.2d 467 (Tex. 1998) ("The unjust enrichment doctrine applies the principles of restitution to disputes which for one reason or another *are not governed by a contract between the contending parties*.") (emphasis added).

It is therefore **ORDERED** that Defendant NeoTek Energy, Inc.'s Motion to Dismiss Pursuant to Rule 12(b)(6), (Dkt. #32), is **DENIED**.

**So ORDERED and SIGNED this 22nd day of March, 2023.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE